```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

| | | |
|---|---|---|
| BARBARA OGLESBY, | : | |
| | : | |
| Plaintiff, | : | NO. 1:08-CV-00289 |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 13), to which no objections were filed. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, in all respects, REVERSES the decision of the Commissioner, and REMANDS this matter to the Administrative Law Judge for an immediate award of benefits.

**I. Background**

On April 25, 2008, Plaintiff filed her Complaint in this matter, challenging the Commissioner's denial of her application for a period of disability, disability income benefits ("DIB"), and supplemental security income ("SSI"), which was based on a combination of physical and mental impairments (doc. 1). The Administrative Law Judge ("ALJ") concluded after a hearing on March 22, 2007, that Plaintiff did not qualify as disabled, and therefore did not qualify for a period of disability DIB, or SSI benefits under the Social Security Act (doc. 13). Among his findings, the

ALJ found the claimant has a residual functional capacity ("RFC") to lift and carry 50 pounds occasionally and 25 pounds frequently, and stand and walk for 8 hours in an 8 hour work day (Id.). The ALJ found Claimant therefore capable of performing her past relevant work as a packager and box maker (Id.). On appeal, Plaintiff argues the ALJ erred in determining her RFC and erred in finding that her depression was not a severe impairment (Id.).

**II. The Magistrate Judge's Report and Recommendation (doc. 13)**

The Magistrate Judge noted that standard of review applicable to the ALJ's non-disability finding is to determine, after considering the whole record, whether such finding is supported by substantial evidence, that is, evidence that a reasonable mind might accept as adequate to support a conclusion (doc. 13, citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). The Magistrate Judge then proceeded to review the record, the hypothetical questions posed by the vocational expert, and each of Plaintiff's allegations of error (Id.). As for the first alleged error, the Magistrate concluded the only record evidence remotely supporting the ALJ's RFC finding was the consultative opinion performed by Dr. Glaser (Id.). However, the Magistrate Judge indicates that such opinion does not show that Claimant could lift and carry up to 50 pounds and stand all day, but rather that she could perform a "moderate" amount of standing and carrying of heavy objects (Id.). The balance of the evidence in the case, opined the

2

Magistrate Judge, clearly supports limitations in Plaintiff's ability to stand, sit, and lift and carry heavy objects (Id.). In fact, the Magistrate Judge found the ALJ's opinion that Claimant could perform her past work "clearly contrary to all record evidence before this Court" (Id.). As such, the Magistrate Judge found the ALJ's RFC finding unsupported by substantial evidence, and concluded the ALJ "acted as his own medical expert in devising an RFC that is not supported by the record" (Id.).

The Magistrate Judge next considered Plaintiff's claims regarding the ALJ's conclusion that her depression was not a severe impairment (Id.). The Magistrate Judge again reviewed the record, finding that her treatment for depression with medications, her continued symptoms, the opinions of Dr. Miller and Dr. Dryer, as well as Plaintiff's testimony, show substantial evidence of severe mental impairement (Id.). The Magistrate Judge further found the ALJ did not properly analyze the opinions of Drs. Dryer and Miller, or explain why he rejected Dr.Miller's psychological finding (Id.). By law, the Magistrate Judge found, it is impermissible for the ALJ to fail to provide a narrative discussion as to how the ALJ arrived at the RFC (Id.). Here, the Magistrate Judge found, the ALJ does not even cite Dr. Miller's report, and does not discuss the report's findings or his reasons for rejecting the findings in determining that Plaintiff's mental impairments are not severe (Id.). In conclusion, the Magistrate Judge found the ALJ's

3

failure to give a complete narrative discussion as to how he arrived at the RFC, his failure to consider all the medical evidence, and his failure to adequately explain why he rejected the opinion of the treating physician constitutes reversible error (Id.). Because Claimant's proof of disability is overwhelming, the Magistrate Judge found that an award of benefits, as opposed to a remand for rehearing, would be appropriate in this instance (Id. citing Faucher v. Sec'y of Health and Human Servs., 17 F.3d 171, 176 (6th Cir. 1994)).

**III. Discussion**

The Court's "review is limited to determining whether there is substantial evidence in the record to support the findings." Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 851 (6th Cir. 1986). Having reviewed and considered this matter de novo, and noting that Defendant filed no objections, the Court finds the Magistrate Judge's Report and Recommendation thorough and well reasoned. The Court does not find the ALJ's non-disability finding supported by substantial evidence, but rather agrees with the Magistrate Judge that the record shows error in the ALJ's determination of Claimant's RFC and in failure to provide narrative justification for the rejection of the treating physician's report concerning Claimant's depression. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 13).

4

**IV. Conclusion**

In summary, the Court finds the ALJ's decision to deny Plaintiff benefits unsupported by substantial evidence in the record, and finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. Therefore, the Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 13), AFFIRMS the Magistrate Judge's Recommendation (Id.), FINDS the Commissioner's decision NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, and REVERSES such decision, ENTERS judgment in favor of the Plaintiff Barbara Ogelsby, and REMANDS this matter to the ALJ for an immediate award of benefits. As no further matters remain pending for the Court's review, the Court directs the Clerk to CLOSE this case on the Court's docket.

SO ORDERED.


Date: July 23, 2009        /s/ S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge